IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CHRISTOPHER A. THORNSBERRY,                                                                      PLAINTIFF
ADC #169180

V.                                            2:21CV00113-LPR-JTK

MORIEON KELLY, et al.                                                                            DEFENDANTS

## ORDER

Pending is Defendant Terrance Daniel's Motion for Relief to File Belated Answer. (Doc. No. 21). Also pending is Plaintiff Christopher A. Thornsberry's ("Plaintiff's") Motion for Entry of Default. (Doc. No. 22). For the reasons set out below, Defendants' Motion for Relief to File Belated Answer (Doc. No. 21) is GRANTED and Plaintiff's Motion for Entry of Default (Doc. No. 22) is DENIED.

Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against multiple Arkansas Division of Correction ("ADC") officials. (Doc. No. 2). The Court directed service of Plaintiff's claims on Defendants Daniels and Kelly. (Doc. No. 4). Summons for Defendant Kelly was returned executed and he has filed an Answer. (Doc. Nos. 10, 12). Summons for Defendant Daniels was returned unexecuted; the Court ordered service a second time at an address for Defendant Daniels that is maintained under seal. (Doc. No. 13). Defendant Daniels was served on October 26, 2021. (Doc. No. 18).

When Defendant Daniels failed to file any responsive pleading, the Court entered a show cause order directing Defendants Daniels to show cause why default should not be entered against him. (Doc. No. 19). In response, Defendant Daniels requested leave to file a belated Answer. (Doc. No. 21). According to Defendant Daniels, through counsel, Defendant Daniels is no longer employed by the ADC and did not immediately contact counsel upon being served because he did

not know what to do with the Summons and Complaint. (Id.) In the meantime, Defendant Daniels contacted counsel for the ADC and wishes to be represented. (Id).

After Defendant Daniels requested permission to file a belated Answer, Plaintiff filed his Motion for Entry of Default. (Doc. No. 22). Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). As the Court of Appeals for the Eighth Circuit has noted, "[e]ntry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." Inman v. American Home Furniture Placement, Inc., 120 F. 3d 117, 118 n.2 (8th Cir. 1997).

Counsel for Defendant Daniels seeks leave to file the Answer included as an attachment to his Motion. (Doc. No. 21). Defendant Daniels promptly reacted to the Court's show cause Order. Plaintiff will not be prejudiced by Defendants' brief delay. Further, it appears counsel acted in good faith, as counsel promptly filed the pending motion after learning Defendant Daniels wishes to be represented. Accordingly, for excusable neglect Defendant Daniel's Motion For Relief to File Belated Answer (Doc. No. 21) is GRANTED. See Chorosevic v. MetLife Choices, 600 F.3d 934, 946-47 (8th Cir. 2010). As such, Plaintiff's Motion for Entry of Default (Doc. No. 22) is DENIED.

IT IS SO ORDERED this 11th day of January, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE